## HIRSCH BROS. v. HENRY ASHE.

Decided April 14, 1904.

**1.—Personal Injuries—Negligence—Defective Ladder.**

Evidence considered and held sufficient in an action to recover damages for personal injuries caused by plaintiff's falling from a ladder, to require a special charge submitting the issue of defendant's knowledge of defects when they furnished the ladder to plaintiff.

**2.—Contributory Negligence—Pleading.**

Contributory negligence not having been pleaded and plaintiff's evidence not having shown, as a matter of law, that he was negligent in the use of a ladder furnished him by defendants, it was not error to fail to charge on contributory negligence.

Error to the District Court of Harris. Tried below before Hon. Wm. P. Hamblen.

*Brashear & Dannenbaum,* for plaintiffs in error.

*Cobb & Campbell* and *Wilson & Jackson,* for defendant in error.

GARRETT, CHIEF JUSTICE.—This action was brought by Henry Ashe against Hirsch Bros. to recover damages for personal injuries received by the plaintiff on account of their alleged negligence while plaintiff was in the employment of the defendants as a porter in their store at Houston. The plaintiff was directed to wash a transom above a show window and was furnished by the defendants with a ladder for the purpose. After doing the work and while descending with his back to the ladder he fell and broke his right leg just above the ankle. As to the cause of the fall the evidence was conflicting. In behalf of the plaintiff there was evidence to the effect that the ladder broke or that a rung parted from the carriage or side to which it was nailed; and on behalf of the defendant that no such break occurred but the fall was due to a misstep made by the plaintiff while coming down the ladder.

The plaintiff averred in his petition "that the ladder so furnished plaintiff by defendant was wholly insufficient and fatally defective; that such insufficiency and defective condition of said ladder was not patent and open to his observation and the same was unknown to plaintiff and unsuspected by him; that the insufficiency of said ladder and its defective condition were known to the defendants, or by the use of ordinary care might have been known to them," and it was alleged that the injuries were the result of the negligence of the defendants in furnishing the defective ladder. It is contended by the defendants that the evidence was not sufficient to charge them with negligence in this respect, and that the court erred in refusing the following special instruction requested by them, viz:

"The jury are charged that the master is liable for defects in appliances furnished his servant with which to work only when he knew or by the exercise of ordinary care could have known of the existence of

such defects. Unless, therefore, you believe from the evidence that the ladder broke as alleged by plaintiff, because of some defect therein, and that the defendants knew or could have known of the existence of such defect, if any, by the exercise of reasonable care, then you will return a verdict for defendants."

There was sufficient evidence to require the submission of the issue. It was a ladder in use in the store and was furnished personally by one of the defendants for the plaintiff's use, and there was evidence tending to show that the ladder produced by the defendants at the trial was not the one furnished the plaintiff, which would tend to show a suppression of evidence.

The charge of the court, however, in submitting the issue to the jury was in the following general language:

"And if you further believe from the evidence that the defendants negligently failed to furnish plaintiff with a proper and sufficient ladder, that is, one which was reasonably safe with which to do his work as directed, and negligently furnished him with a defective and insufficient ladder which was not reasonably safe for the purposes for which it was used, etc., you will find for plaintiff. If you do not believe from the evidence that plaintiff's injuries were and are the proximate result of negligence upon the part of the defendants, then you will find your verdict for the defendants." And further: "You are charged that negligence is the failure to exercise ordinary care; that is to say, it is a failure to exercise that degree of care which a reasonably prudent man would have exercised under the same or similar circumstances."

While this would not be positive error requiring a reversal of the case when considered in connection with the pleading, it was error to refuse the defendants' requested instruction defining the circumstances under which they should be held negligent. They had the right to have the attention of the jury directed specifically to the defense that they did not know of the defect in the ladder, if it was defective, and could not by the exercise of ordinary care have discovered the same. Contributory negligence not having been pleaded and the plaintiff's evidence not having shown as a matter of law that he was negligent in the use of the ladder, it was not error to fail to charge contributory negligence. For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*